UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRAD CAMP<br>6316 Washington Waterloo Rd. NE<br>Washington C.H., OH 43160<br><br>    and<br><br>BRIAN CAMP<br>812 Broadway Street<br>Washington C.H., OH 43160<br><br>*On behalf of themselves and all others similarly situated,*<br><br>    Plaintiffs,<br><br>    v.<br><br>MARQUEE CONSTRUCTION, INC.<br>c/o Statutory Agent<br>William T. Junk<br>213 N. Main St.<br>Washington C.H. OH 43160<br><br>    and<br><br>MARK E. HEINY<br>211 S. Fayette St.<br>Washington Court House, Ohio 43160<br><br>    and<br><br>KEITH W. ECKLES<br>211 S. Fayette St.<br>Washington Court House, Ohio 43160<br><br>    Defendants. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFFS' COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiffs Brad Camp and Brian Camp, by and through counsel, for their Collective

Action Complaint against Defendants Marquee Construction, Inc. (hereinafter "Marquee

Construction"), Mark E. Heiny and Keith W. Eckles (hereinafter collectively referred to as "Defendants"), state and allege the following:

## INTRODUCTION

1. Plaintiffs bring this case to challenge the policies and practices of Defendants Marquee Construction, Mark E. Heiny and Keith W. Eckles that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [] themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiffs' claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because one or more Defendant resides in this district and division and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here.

## PARTIES

5. At all times relevant, Plaintiffs Brad Camp and Brian Camp were citizens of the United States and residents of Fayette County, Ohio.

6. Defendant Marquee Construction is an Ohio corporation with its principal place of business in Fayette County, Ohio. According to records maintained by the Ohio Secretary of State, Defendant Marquee Construction's statutory agent for service of process is William T. Junk, 213 N. Main St., Washington C.H. OH 43160.

7. Defendants Mark E. Heiny and Keith W. Eckles are, upon information and belief, citizens of the United States and residents of Fayette County, Ohio.

## FACTUAL ALLEGATIONS

### Defendants' Business

8. Defendant Marquee Construction is a construction company. Marquee Construction operates out of 211 S. Fayette St., Washington Court House, Ohio 43160.[1]

### Defendants' Statuses as Employers

9. At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed hourly employees, including Plaintiffs.

10. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r).

11. Defendant Mark E. Heiny is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Marquee Construction, "in relation to employees," including Plaintiffs. Defendant Mark E. Heiny is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of Marquee Construction's day-to-day functions, including the compensation of employees.

---

[1] https://www.facebook.com/pages/Marquee-Construction/125563470831762

3

12. Defendant Keith W. Eckles is an employer pursuant to 29 U.S.C. § 203(d) in that he is a "person [who] act[ed] directly or indirectly in the interest of an employer," Marquee Construction, "in relation to employees," including Plaintiffs. Defendant Keith W. Eckles is also an employer pursuant to O.R.C. Chapter 4111 and had operational control over significant aspects of Marquee Construction's day-to-day functions, including the compensation of employees.

13. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

14. Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiffs' and the FLSA Collective's Non-Exempt Employment Statuses with Defendants

15. Plaintiff Brad Camp was employed by Defendants from approximately September 2016 to July 2018 as a construction worker and laborer.

16. Plaintiff Brian Camp was employed by Defendants from approximately 1996 to July 2018 as a construction worker and laborer.

17. At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq.*

18. At all times relevant, Plaintiffs and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

### Defendants' Failure to Pay Overtime Compensation

19. During their employment with Defendants, Plaintiffs and the FLSA Collective were required to work substantial amounts of overtime.

4

20. Plaintiffs regularly worked more than 40 hours each workweek. For example, during the one week pay period July 6, 2018 to July 12, 2018, Plaintiff Brian Camp worked at least 47 hours; and during the one week pay period August 18, 2017 to August 24, 2017, Plaintiff worked at least 49 hours. During the one week pay period March 23, 2018 to March 29, 2018, Plaintiff Brad Camp worked at least 42 hours

21. However, instead of compensating Plaintiffs and the FLSA Collective at one and one-half times their regular hourly rates for hours more than forty (40) hours per workweek, Defendants paid Plaintiffs and the FLSA Collective their regular, straight time hourly rates for all hours worked. For example, during the one week pay period July 6, 2018 to July 12, 2018, Plaintiff Brian Camp worked at least 47 hours and was paid $13.00 per hour for a total gross pay of $611.00; during the one week pay period August 18, 2017 to August 24, 2017, Plaintiff Brian Camp worked at least 49 hours and was paid $13.00 per hour for a total gross pay of $637.00; and during the one week pay period March 23, 2018 to March 29, 2018, Plaintiff Brad Camp worked at least 42 hours and was paid $13.00 per hour for a total gross pay of $546.00.

22. Defendants' failure to compensate Plaintiffs and the FLSA Collective for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay violates the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### Defendants' Failure to Pay All Hours Worked

23. In addition to the above unlawful overtime payroll practices or policies, while Plaintiffs and the FLSA Collective were paid on an hourly basis, Defendants consistently failed to pay Plaintiffs and the FLSA Collective for all hours worked. 29 U.S.C. §§ 206-207.

24. Defendants' owners, managers and/or supervisors misreported, edited, modified, and/or altered Plaintiffs' and the FLSA Collective's timekeeping records and/or avoided paying

5

Plaintiffs and the FLSA Collective for work time occurring before and/or after the scheduled shift ending time in order to improperly reduce the number of hours they actually worked per week to reduce labor costs. *See* 29 C.F.R. § 785.11.

25. As a result, Plaintiffs and the FLSA Collective were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

### Defendants' Record Keeping Violations

26. The FLSA, 29 U.S.C. § 211(c), and O.R.C. § 4111.14 require employers to create and keep precise records of wages and hours worked.

27. Defendants have failed to keep accurate records of all hours worked as required under Federal and Ohio law.

28. The above payroll practices resulted in overtime wage violations of the FLSA, 29 U.S.C. §§ 201-219; and O.R.C. Chapter 4111.

### The Willfulness of Defendants' Violations

29. Defendants knew that Plaintiffs and the FLSA Collective were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

30. Defendants intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs incorporate by reference the foregoing allegations in paragraphs 1 through 30 as if fully rewritten herein.

6

32. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of … themselves and other employees similarly situated."

33. The FLSA Collective consists of:

> All present and former non-exempt employees of Defendants during the period of three years preceding the commencement of this action to the present.

34. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

35. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

36. Plaintiffs cannot yet state the exact number of similarly-situated persons but aver, upon information and belief, that they consist of approximately 10-15 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## COUNT ONE
### (FLSA Overtime Violations)

37. Plaintiffs incorporate by reference the foregoing allegations in paragraphs 1 through 36 as if fully rewritten herein.

38. Plaintiffs bring this claim for violation of the FLSA's overtime provisions.

7

39. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

40. Plaintiffs and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

41. Defendants did not pay overtime compensation to Plaintiffs and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

42. Defendant's failure to keep accurate and complete records of the hours Plaintiffs and the FLSA Collective worked each workday and workweek violated the FLSA, 29 C.F.R. § 516.2(a).

43. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

44. As a result of Defendants' violations, Plaintiffs and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiffs and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

### COUNT TWO
**(Ohio Overtime Violations)**

45. Plaintiffs incorporate by reference the foregoing allegations in paragraphs 1 through 44 as if fully rewritten herein.

46. Plaintiffs bring this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

47. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

48. Defendants' failure to compensate overtime hours and Defendants' failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

49. Defendant's failure to keep accurate and complete records of the hours Plaintiffs and the FLSA Collective worked each workday and workweek violated Ohio law, O.R.C. § 4111.08.

50. These violations of Ohio law injured Plaintiffs and the FLSA Collective in that they did not receive wages due to them pursuant to Ohio law.

51. Having injured Plaintiffs and the FLSA Collective, Defendants are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s]" under Ohio law." O.R.C. § 4111.10.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiffs and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

9

D. Award Plaintiffs compensatory and punitive damages, their costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 E. Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221    F: (216) 350-6313
jscott@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues so triable.

> *s/ Kevin M. McDermott II*
> Kevin M. McDermott II (0090455)