# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BRAD CAMP ET AL., | : |
| Plaintiffs, | : |
| | : Case No. 2:18-CV-831 |
| v. | : |
| | : CHIEF JUDGE ALGENON L. MARBLEY |
| MARQUEE CONSTRUCTION, INC., ET AL. | : |
| | : MAGISTRATE JUDGE DEAVERS |
| Defendants. | : |

## ORDER

This matter is before the Court on the Motion for Leave to File Joint Motion to Approve Settlement and Settlement Agreement and Release Under Seal brought by Defendants, Marquee Construction, Inc., Mark E. Heiny, and Keith W. Eckles ("Motion"). (ECF No. 26). Defendants seek leave to file under seal the terms of a settlement agreement reached with Plaintiffs relating to Plaintiffs' claims brought under the Fair Labor Standard Act ("FLSA"). On October 22, 2019, this Court ordered Defendants to submit supplemental briefing to address the reasoning for requesting leave to file the settlement under seal. (ECF No. 27). For the reasons stated below, the Motion is **DENIED**.

Ordinarily, settlement agreements are not judicial documents and may be kept confidential. FLSA cases, however, are different. *Altier v. A Silver Lining LLC*, No. 2:17-CV-599, 2017 WL 10402564, at *1 (S.D. Ohio Nov. 15, 2017). FLSA cases require court approval, even where only one litigant's rights are implicated. *See Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, No. 1:18-CV-99, 2019 WL 978472, at *1 (S.D. Ohio Feb. 28, 2019); *Smolinski v. Ruben &*

*Michelle Enterprises Inc.*, No. 16-CV-13612, 2017 WL 835592, at *1 (E.D. Mich. Mar. 3, 2017). Two reasons support public access to settlement agreements in FLSA cases. The first is "the general public interest in the content of documents upon which a court's decision is based, including a determination of whether to approve a settlement." *Altier v. A Silver Lining LLC*, 2017 WL 10402564, at *1. The second is the "private-public character of employee rights under the FLSA, whereby the public has an independent interest in assuring that employees' wages are fair and thus do not endanger the national health and well-being." *Id.* (internal quotation marks omitted).

As indicated in this Court's prior order, this Court and the majority of trial courts in this Circuit have held that there is a strong presumption in favor of public access to settlement agreements in FLSA cases and that a confidentiality provision "contravenes the legislative purpose of the FLSA." *See e.g., Zego v. Meridian-Henderson*, No. 2:15-CV-3098, 2016 WL 4449648, at *1 (S.D. Ohio Aug. 24, 2016). Indeed, "[s]ealing FLSA settlements from public scrutiny could thwart the public's independent interest in assuring that employees' wages are fair." *Rodriguez v. El Pollo Regio, Inc.*, No. 3:11-cv-2276, 2012 WL 5506130, at *1 (N.D. Tex. Feb. 23, 2012). Absent an "extraordinary reason," such settlement agreements should not be sealed. *See id.*; *Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, No. 1:18-CV-99, 2019 WL 978472, at *2 (S.D. Ohio Feb. 28, 2019); *Joo v. Kitchen Table, Inc.*, 763 F. Supp. 2d 643, 646-47 (S.D.N.Y. 2011) (collecting cases).

Trial courts determine whether a settlement may be kept confidential by balancing the parties' interests in confidentiality against this strong presumption. *See, e.g.*, *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-cv-12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014)

("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access."); *Green v. Hepaco, LLC*, No. 2:13-CV-02496-JPM, 2014 WL 2624900, at *3 (W.D. Tenn. June 12, 2014).

Here, Defendants have put forward three reasons they argue support their motion: (1) there are only three plaintiffs in this case and unlike other collective actions, the weight of the public interest in this settlement is significantly less; (2) the possibility that publication of the settlement terms will encourage additional litigation and manipulate the process in any future settlement negotiations; and (3) the parties all live, work, and operate their businesses in the same small community and publication of the settlement will create negative feelings, attitudes, unwarranted publicity, discrimination, and harassment for some or all of the parties. (ECF No. 28 at 2).

First, the public has an interest in the outcome of FLSA litigations, regardless of the number of plaintiffs in the case. *See Schmalenberg v. Dysphagia Mgmt. Sys., LLC*, No. 1:18-CV-99, 2019 WL 978472, at *2 (S.D. Ohio Feb. 28, 2019) (denying parties' joint motion to seal settlement in FLSA wage and hour case where there was only one plaintiff). Courts in this circuit have observed that the "the public has a keen interest in the outcome of FLSA litigation, and as such, sealing a FLSA settlement rarely, if ever, will be shown to outweigh the public right to access of judicial documents." *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017) (citing *Smolinski v. Ruben & Michelle Enters. Inc.*, No. 16-CV-13612, 2017 WL 835592, at *3 (E.D. Mich. Mar. 3, 2017) (internal quotation marks omitted).

Second, Courts have also rejected the argument that sealing a settlement is justified because if the terms of the settlement are published there will be a possibility of increased litigation and manipulation of any future settlement negotiations. *See Stanley v. Turner Oil & Gas Properties*, Inc., No. 2:16-CV-386, 2017 WL 5068444, at *2 (S.D. Ohio July 24, 2017) (noting that argument that "threat of copycat lawsuits engendered by placing the agreement on the public court docket is too speculative" to justify sealing an FLSA settlement).

Finally, Defendants argue that the disclosure of the settlement will result in "unwarranted publicity" which could lead to "discrimination and harassment within the community." (ECF No. 28 at 2). The Sixth Circuit has clarified the standards necessary to place a judicial record under seal, noting that the burden to overcome the presumption in favor of openness is a "heavy one: [o]nly the most compelling reasons can justify non-disclosure of judicial records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks omitted). In *Shane Grp.*, the Sixth Circuit explained that the "proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id*. at 305-06.

Here, Defendants do not specify or provide any facts to support their argument that disclosure of this settlement agreement would necessarily result in harassment or discrimination. Further, they cite to no legal authorities supporting their proposition that the possibility of "unwarranted publicity" or "negative feelings or attitudes" is an "extraordinary reason" justifying sealing the settlement agreement. *See Altier v. A Silver Lining LLC*, No. 2:17-CV-599, 2017 WL 10402564, at *2 (S.D. Ohio Nov. 15, 2017) (noting that FLSA settlement agreements should not be sealed absent an "extraordinary reason.").

Accordingly, the public's interest in the disclosure of the settlement agreement outweighs the Defendants' proffered reason for sealing the agreement. For the reasons stated above, this Court **DENIES** Defendants' motion.

**IT IS SO ORDERED.**

      _s/Algenon L. Marbley_
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  January 6, 2020**