## JOINT STIPULATION
## OF SETTLEMENT AND RELEASE

Subject to approval by the United States District Court for the Southern District of Ohio, Eastern Division, Plaintiffs Brad Camp, Brian Camp, and Scott Bennett, and Defendants Mark E. Heiny, Keith W. Eckles, and Marquee Construction, Inc., agree to the terms of this Joint Stipulation of Settlement and Release [hereinafter "Settlement" or "Agreement"].

### DEFINITIONS

1. The "Action" shall mean the civil action pending in the United States District Court for the Southern District of Ohio, Eastern Division, entitled *Brad Camp, et al. v. Marquee Construction, Inc., et al.*, S.D. Ohio Case No. 2:18-cv-831.

2. "Defendants" shall mean Marquee Construction, Inc. [hereinafter "Marquee Construction"] and Mark E. Heiny and Keith W. Eckles and all of their predecessors, successors, parents, subsidiaries, assigns, as well as all of their current and past directors, officers, agents, shareholders, unit holders, representatives, heirs, assigns, agents, attorneys, insurers and related and affiliated entities.

3. "Plaintiffs" shall mean Brad Camp, Brian Camp, and Scott Bennett.

4. "Parties" shall mean the Plaintiffs and Defendants, and "Party" shall mean any one of the Parties.

5. "Settlement" shall mean this Joint Stipulation of Settlement and Release.

### RECITALS

6. On August 9, 2018 Plaintiffs Brad Camp and Brian Camp commenced the Action on behalf of themselves and others similarly situated.

7. In the Action, Plaintiffs alleged, among other things, that Defendants failed to pay them and other similarly situated employees of Defendants overtime wages allegedly required to be paid under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA") and the wage laws of the State of Ohio, O.R.C. §§ 4111.01 *et seq.* Defendants have denied any and all liability to Plaintiffs.

8. The Court granted the Parties' Joint Stipulation for Conditional Certification and Notice on October 11, 2018.

9. Notice was mailed to putative class members, and the opt-in period ended forty-five (45) days after the date the Notice and Opt-In Consent Form were mailed.

10. Plaintiff Scott Bennett opted in to Case No. 2:18-cv-831, and was joined into the matter as a Plaintiff in the action.

11. Plaintiffs' Counsel is of the opinion that the Settlement is fair, adequate and reasonable and is in the best interest of the Plaintiffs in light of all known facts and circumstances.

12. The Parties, by and through their respective counsel, reached a binding agreement to settle the Action on the terms set forth in this Settlement, subject to Court approval.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and other good and valuable consideration set forth below, agree as follows:

## TERMS OF SETTLEMENT

13. **Total Settlement Payment**: The Total Settlement Payment is forty-five thousand six hundred sixty dollars and five cents ($45,660.05) which includes: (a) Settlement Payments to Plaintiffs distributed as provided in the Individual Payments Allocation Schedule attached as Exhibit A and (b) Plaintiffs' Counsel's attorneys' fees and reimbursed litigation costs and expenses. Defendants shall have until fourteen (14) days after the approval of this settlement by the Court (the "Settlement Distribution Date"), in which to pay the settlement proceeds as directed in Section 16.

14. **Attorneys' Fees and Costs**: From the Total Settlement Payment, Plaintiffs' Counsel will receive attorneys' fees in the amount of $21,600.00 in addition to reimbursement of litigation costs in the amount of $400.00.

15. **Tax Treatment of Settlement Payments**: For each Plaintiff, 50% of the payments made in accordance with Section 13(a) will be treated as wage payments and 50% of the payments made in accordance with Section 13(a) ("liquidated damages") shall be treated as non-wage income. All payments made in accordance with Section 13(a) will be reported to the appropriate taxing authorities on Forms 1099. Attorneys' Fees to Plaintiffs' Counsel will be considered non-wage income and reported to the appropriate taxing authorities on Forms 1099. Plaintiffs acknowledge that they have received no opinion or advice from Defendants with respect to the taxability, if any, of the payment made to them or their counsel.

16. **Distribution Process**: As provided for in Section 13, Defendants shall have until the Settlement Distribution Date to pay the settlement proceeds by issuing checks payable to the Plaintiffs individually as provided in the Individual Payments Allocation Schedule and mailing them via First-Class Mail to Plaintiffs' Counsel, Scott & Winters Law Firm, LLC, The Caxton Building, 812 Huron Rd. E., Suite 490, Cleveland, OH 44115, who will make reasonable efforts to locate each Individual Payment recipient and deliver the checks based upon the most current mailing address from the filed consent forms, Plaintiffs' Counsel's records and/or Defendants' records. Any checks that become lost or void during the (6) month period after distribution will be reissued to any Plaintiff upon request and without charge to the Plaintiff. Defendants will issue and mail the separate check to "Scott & Winters Law Firm, LLC" for Plaintiffs' attorneys' fees and costs by the Settlement Distribution Date to Scott & Winters Law Firm, LLC, The Caxton Building, 812 Huron Rd. E., Suite 490, Cleveland, OH 44115.

17. **Dismissal with Prejudice of the Action:** Upon entry of the Court's final approval orders, the Action shall be dismissed with prejudice, each party to bear their/its own costs, and final judgments shall be entered.

## RELEASE OF CLAIMS

18. **Binding Releases:** Subject to Court approval, the releases contained herein shall apply to and bind Plaintiffs as described below.

19. **Covenants Not To Sue:** Plaintiffs further agree never to institute any complaint, proceeding, grievance, or action of any kind at law, equity, or otherwise in any court of the United States or in any state, or in any administrative agency of the United States or any state, or before any other tribunal, public or private, against Defendants arising from or relating to Plaintiffs' employment with Defendants and/or any other occurrences up to and including the date of the execution by Plaintiffs of this waiver and release, other than for non-payment of the above described settlement set forth in Section 13. In the event that a charge or complaint is filed, on behalf of or including Plaintiffs, in an agency of the United States or in any state against Defendants, Plaintiffs disclaim and waive their rights to seek or recover money damages or reinstatement of employment from such a filing.

20. **Release of Claims of Plaintiffs:** Plaintiffs, on behalf of themselves and each of their heirs, estates, executors, administrators, assigns, transferees and representatives, release and forever discharge Defendants from any and all claims, causes of action, demands, debts, obligations, damages or liability of any nature whatsoever, whether known or unknown, including any and all claims, rights, demands, liabilities and causes of action of every nature and description arising under federal, state or local law, including: laws governing the terms and conditions of employment and the termination thereof; Title VII, the Civil Rights Act of 1871, as amended, 42 U.S.C. §§ 1983, 1985; Executive Order 11246; the American with Disabilities Act of 1990, 42 U.S.C. § 12111 et seq.; the Age Discrimination in Employment Act of 1967, as amended by the Older Workers' Benefit Protection Act, 29 U.S.C. §§ 621-634 ["ADEA"]; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701-7961; the Equal Pay Act; the Welfare and Pension Plans Disclosure Act; the Employee Retirement and Income Security Act; the Welfare and Pension Plans Disclosure Act; the Employee Retirement and Social Security Act of 1974; the National Labor Relations Act, as amended, 29 U.S.C. §§ 141-187; the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-209; the Ohio Revised Code and Constitution; or any other action under any federal, state or local constitution, bargaining agreement, common law, codified or statutory law, public policy, rule, regulation or order.

Further it is the expressed intention of the parties that the foregoing release and waiver of claims will be construed as broadly as permitted under applicable law for the protection of the Defendants against legal claims, it being fully understood and agreed that the Defendants' provision and Plaintiffs' acceptance of their portion of the Settlement Payments described in Paragraph 13 of this Agreement are in full accord and satisfaction of all matters and claims relating to their employment with the Company. Plaintiffs waive any claims for additional compensation and acknowledge that they have been appropriately compensated for all hours worked, that Defendants have paid all sums owed to them as a result of their employment with Defendants and

that they are not entitled to anything separate from what they will receive under this Joint Stipulation of Settlement.

21. **Release of Attorneys' Fees and Expenses:** The payment of attorneys' fees and expenses to Plaintiffs' Counsel includes all of the attorneys' fees and expenses incurred to date and to be incurred in documenting the Settlement and this Agreement, securing Court approval of the Settlement, and obtaining a dismissal of the Action with prejudice. In consideration for these attorneys' fees and expenses, Plaintiffs' counsel waive any and all claims to any further attorneys' fees and expenses in connection with the Action.

22. The entry of final judgments and the Settlement Payments in the Action shall release all claims which are settled in this Settlement.

### DUTIES OF THE PARTIES AND/OR THEIR COUNSEL

23. **Cooperation:** The Parties agree to cooperate and take all steps necessary and appropriate to obtain final approval of this Agreement, to effectuate its terms, and to dismiss the Action with prejudice.

24. **Fair, Adequate and Reasonable Settlement:** The Parties agree that the Settlement is fair, adequate and reasonable and will so represent such to the Court.

25. **Joint Motion for Approval of Settlement:** The Parties will jointly move the Court for the entry of an order approving the Settlement. The Parties agree to cooperate and take all steps necessary and appropriate to obtain approval of this Settlement, effectuate its terms, and cause the Action to be dismissed with prejudice.

26. **Filing under Seal:** Defendants intend to file a motion for leave to file this Settlement agreement, the parties' joint motion for approval, and Plaintiffs' counsel's supporting declaration with the Court under seal. Plaintiffs agree not to oppose Defendants' motion for leave to file under seal. The Parties agree that this Settlement will be binding on the parties notwithstanding the decision of the Court on the Defendants' motion for leave to file under seal. If the motion to file under seal is not granted by the Court, the Parties agree that this Settlement, the Parties' joint motion for approval, and Plaintiffs' counsel's declaration will be filed not under seal, and such filing will not be a violation of any confidentiality provision in this agreement.

27. **Reference Policy:** It is Defendant Marquee Construction's policy that human resources will only verify employment and provide dates of employment when contacted in relation to reference inquires.

28. **Confidentiality:** The Plaintiffs agree that, unless they are compelled to do so by law, they will not disclose to any other person any information regarding the existence or substance of this Agreement, except that they may discuss the terms of this Agreement with their immediate family, financial advisors, as may be necessary to file local, state and federal income tax returns, or an attorney with whom the Plaintiffs choose to consult regarding their consideration of this Agreement, provided that any such individual agrees to keep that information confidential and disclose it to no other person. If the Plaintiffs are asked about any claims or defenses in this matter, or the Subject Matter of the Action, it shall not be a breach of this Paragraph for the Plaintiffs to

say "it's over", "the case was dismissed. I cannot discuss it further," or something substantively similar. This paragraph shall not prevent the Plaintiffs from making truthful statements in response to a subpoena or under oath or as otherwise required by law.

29. **Re-Employment:** Named Plaintiffs Brad Camp and Brian Camp shall not seek reinstatement to their employment with Marquee Construction. Named Plaintiffs Brad Camp and Brian Camp further agree that under no circumstance shall they seek, apply for or accept future employment with Marquee Construction and that if they apply for such employment, they will be denied employment because of this Agreement. Named Plaintiffs Brad Camp and Brian Camp acknowledge and agree that such denial shall not constitute a violation of any local, state or federal law, rule or order.

## PARTIES' AUTHORITY

30. The respective signatories to the Agreement represent that they are fully authorized to enter into this Agreement and bind the respective Parties to its terms and conditions.

## KNOWING AND VOLUNTARY WAIVER

31. The Parties acknowledge and agree that, before entering into this Agreement, they have had sufficient time to consider this Agreement and the Settlement Payments and consult with legal counsel of their choosing concerning its meaning. When entering into this Agreement, the Parties have not relied on any representations or warranties made by the Parties, other than the representations and warranties expressly set forth in this Agreement.

## MUTUAL FULL COOPERATION

32. The Parties and their respective counsel agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and such other actions as may reasonably be necessary to implement the terms of this Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the terms of this Agreement.

## NO PRIOR ASSIGNMENTS

33. The Parties represent, covenant and warrant that they have not directly or indirectly, assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or right released and discharged in this Agreement.

## NO ADMISSION

34. Nothing contained in this Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants vigorously deny any such liability. Each Party has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses of litigation.

## CONSTRUCTION

35.     The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party participated in the drafting of this Agreement.

## MODIFICATION

36.     This Agreement may not be changed, altered or modified, except in writing and signed by the Parties, and approved by the Court. This Agreement may not be discharged except by performance in accordance with its terms or by another writing signed by the Parties.

If any provision of this Agreement is determined by any local, state, or federal adjudicatory body to be illegal, invalid, or otherwise unenforceable under present or future laws, that provision shall be fully severable. In lieu of the severed provision, a provision shall be inserted which is as close to the severed position as may be permitted but which is still valid and enforceable.

## INTEGRATION CLAUSE

37.     This Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's legal counsel, relating to the resolution of the Action, are merged in this Agreement. No rights under this Agreement may be waived except in writing signed by the Parties.

## BINDING ON ASSIGNS

38.     This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

## COUNTERPARTS

39.     This Agreement may be executed in counterparts. When each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties. Execution by facsimile, electronic signature, email or other electronic means shall be deemed effective as if executed in original.

## CAPTIONS

40.     The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience only, and shall have no effect on the construction or interpretation of any part of this Agreement.

## JURISDICTION

41. The Parties request that the Court retain jurisdiction to enforce the terms of the Settlement. The enforcement of this Settlement shall be governed and interpreted by and under the laws of the State of Ohio.

## EXECUTION BY PARTIES

**By Plaintiffs:**

Dated: Jun 15, 2019          BRAD CAMP
                             *Brad Camp*
                             Brad Camp (Jun 15, 2019)

Dated: Jun 16, 2019          BRIAN CAMP
                             *BCP*
                             Brian camp (Jun 16, 2019)

Dated: Jun 15, 2019          SCOTT BENNETT
                             *Scott Bennett*
                             Scott Bennett (Jun 15, 2019)

**By Defendants:**

Dated: 1/10/2020             MARQUEE CONSTRUCTION, INC.
                             By: _____
                             Its (Title): PRESIDENT

Dated: 1/10/20               MARK E. HEINY
                             _____

Dated: 1/10/20               KEITH W. ECKLES
                             _____

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BRAD CAMP, *et al.* | ) | Case No. 2:18-cv-831 |
| | ) | |
| Plaintiffs, | ) | Judge Algenon L. Marbley |
| | ) | Magistrate Judge Elizabeth P. Deavers |
| v. | ) | |
| | ) | **EXHIBIT A TO *JOINT STIPULATION*** |
| MARQUEE CONSTRUCTION, INC., *et al.* | ) | ***OF SETTLEMENT AND RELEASE –*** |
| | ) | **INDIVIDUAL PAYMENTS** |
| Defendants. | ) | **ALLOCATION SCHEDULE** |

| Name | Amount |
|---|---|
| Brad Camp | $6,000.00 |
| Scott Bennett | $6,000.00 |
| Brian Camp | $11,660.05 |
| **Total** | **$23,660.05** |